**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DAVID W. JACKSON, plaintiff, and JOHN AND JANE DOES, individuals, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FEDERAL DEPOSIT INSURANCE )<br>CORPORATION, )<br>)<br>Defendant. ) | Case No. 05-CV-269-GKF-FHM |

## OPINION AND ORDER

Before the court is the Motion for Summary Judgment of defendant Federal Deposit Insurance Corporation ("FDIC") [Docket No. 55].

At the record conference held today, the parties agree that this court has subject matter jurisdiction over this suit pursuant to 12 O.S. § 1819(b)(2)(A), as this is a suit of a civil nature at common law to which the FDIC is a party.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, a court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Wolf v. Prudential Insurance Company of America*, 50 F.3d 793, 796 (10th Cir. 1995). The movant for summary judgment must meet the initial burden of showing the absence of a genuine issue of material fact, then the nonmovant bears the burden of pointing to specific facts in the record "showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Wolf*, 50 F.3d at 796.

The parties do not dispute the material facts. In 2001, Jackson was an attorney in the Legal Division of the FDIC's Dallas Regional Office. On August 31, 2001, the FDIC made a buyout offer to Legal Division attorneys eligible for voluntary retirement. [Document No. 55, Part 2, p. 35]. The FDIC provided Jackson a "Voluntary Separation Payment Program" Handbook (the "Buyout Handbook") which explained the buyout and retirement benefits. With respect to "FDIC Dental and Vision Insurance Programs," the Buyout Handbook provided:

> **Dental Insurance** continues for life for retired employees and their eligible dependents at no cost as long as the FDIC maintains such a benefit. However, the FDIC reserves the right to amend any aspect of the dental insurance program or to terminate the program.

[Document No. 55, Part 2, p. 58, and Document No. 76, p. 6, *bolding included in original*]. In its Statement of Undisputed Material Fact number 8, the FDIC states that, "in December 2001, the Plaintiff received a memo from Larry Scanlan, .... The memo included a statement that "When completing the retirement application, please keep in mind the following: . . . Your dental coverage under the FDIC Dental Program will continue at no cost. . . ." Scanlon is listed in the Buyout Handbook as the "Branch Buyout Coordinator" for employees assigned to the Dallas Regional Office. [Document No. 55, Part 2, p. 39; Document No. 76, p. 5]. On January 14, 2002, Jackson signed a "Statement of Intent to retire with a Buyout." He retired on March 9, 2002.

In 2004, the FDIC amended its dental insurance program. Under the amended program, all active employees and retirees who wished to participate in the program were required to pay a 15% share of the insurance premium. Jackson has paid those dental insurance premiums under protest since January 1, 2004.

Jackson contends that the FDIC's offer, which he accepted, was for lifetime dental insurance at no cost, subject only to the FDIC's rights to otherwise amend the dental insurance program or to

2

terminate the dental insurance program altogether. FDIC interprets the operative language to mean that dental insurance continues at no cost for retirees as long as the FDIC maintains no cost dental insurance for FDIC active employees. Framing the issue in another way, does the term "such a benefit," in the sentence "**Dental Insurance** continues for life for retired employees and their eligible dependants at no cost as long as the FDIC maintains such a benefit" refer to (1) "dental insurance," or (2) "dental insurance . . . at no cost"?

Jackson suggests that the application of Texas law to this action is appropriate because the contract was accepted and was to be performed in Texas. FDIC represents that the applicable law is the law of Washington D.C. because the contract was prepared in Washington D.C. and was to be performed by FDIC in Washington D.C. The parties do not indicate whether the applicable law of contracts in the two jurisdictions differs in any substantive respect. Therefore, for purposes of this motion, it does not appear necessary for the court to determine whether Texas or D.C. law is applicable. *See Phillips Petroleum C. v. Shutts*, 472 U.S. 797, 839 n. 20 (1985) ("'False conflict' really means 'no conflict of laws.' If the laws of both states relevant to the set of facts are the same, or would produce the same decision in the lawsuit, there is no real conflict between them." *citations omitted*).

Upon review of the evidentiary materials submitted in conjunction with the motion for summary judgment, the court concludes that at least one issue of material facts precludes summary adjudiction. Specifically, it is uncontested that the FDIC's Dallas Buyout Coordinator, Larry Scanlon, wrote Jackson on December 5, 2001, prior to Jackson's acceptance of the Buyout Offer, that "[y]our dental coverage under the FDIC Dental Program will continue at no cost." Scanlon's representation – made prior to the date that Jackson signed the "Statement of Intent to retire with

a Buyout" on January 14, 2002 – is consistant with Jackson's interpretation of the offer. Issues of fact exist as to whether Scanlon had authority or apparent authority to make such a representation. Moreover, the court is not convinced at this juncture that the term "such a benefit" ought not be reasonably read to refer to "**Dental Insurance**," as opposed to "**Dental Insurance** . . . at no cost"

WHEREFORE, the Motion for Summary Judgment filed by defendant Federal Deposit Insurance Corporation [Docket No. 55] is denied.

IT IS SO ORDERED this 14th day of May 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma